**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:19-CR-44 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SARA LIOI |
| -vs- | : | |
| | : | **DEFENDANT ANDRE DUPRE'S** |
| ANDRE DUPRE, | : | **SENTENCING MEMORANDUM** |
| | : | (Filed under seal) |
| Defendant. | : | |


Defendant Andre Dupre, through counsel, respectfully submits the instant Sentencing Memorandum to support his request for a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing under to Title 18, United States Code §§ 3553(a) and 3661.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ *DARIN THOMPSON*
Assistant Federal Public Defender
Ohio Bar: 0067093
Cathi Adinaro
Attorney at law
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: darin_thompson@fd.org

e-mail address: cathi_adinaro@fd.org

Counsel for Defendant Andre Dupre

<u>**MEMORANDUM**</u>

## I.    Introduction

On January 28, 2019, an Information was filed charging Andre Dupre with one count of wire fraud, in violation of 18 U.S.C. § 1343. (Dkt. 1). He waived his right to an indictment and pled guilty with a written plea agreement on March 7, 2019. (Dkt. 5, 9, 12). Mr. Dupre was released on bond and has been fully compliant with all of the terms and conditions of his pretrial release. (Dkt. 8: PSR, ¶ 8[1]).

A Presentence Investigation Report was prepared and calculates Mr. Dupre's Guideline range at 18 to 24 months, with a Total Offense Level 14 and Criminal History Category (CHC) II. (PSR ¶¶ 47, 53, 69).  In accordance with the plea agreement, the parties have no agreement on the total offense level or CHC. While Mr. Dupre agrees the PSR correctly calculates his CHC, he respectfully requests this Court depart downward because it substantially over-represents the seriousness of his criminal history.

### a.    Criminal history category II substantially over-represents the seriousness of Mr. Dupre's criminal history.

The PSR calculates Mr. Dupre's criminal history points at two, which corresponds to a CHC II. Mr. Dupre requests this Court depart downward under U.S.S.G § 4A1.3(b), because CHC II substantially over-represents the seriousness of his criminal history.

A district judge may grant a downward departure under U.S.S.G. § 4A1.3(b)(1) "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009). In making

---

[1] The Final PSR was not available when this memorandum was prepared. Therefore, the citations refer to the first disclosure.

this determination, the district court can consider the types of prior convictions, the age of the convictions, and signs of rehabilitation. *United States v. Orozco-Torres*, 318 F. App'x 328, 336 (6th Cir. 2008) (citing *United States v. Fletcher*, 15 F.3d 553, 557(6th Cir. 1994)).

Mr. Dupre's two criminal history points come from two prior convictions for operating a motor vehicle while intoxicated. These two convictions are twelve and five years old, respectively. He spent a total of 30 days in jail. These two convictions make up his entire criminal history. In addition to the age of the convictions, there is evidence of rehabilitation. After his 2014 conviction, Mr. Dupre began attending Alcoholics Anonymous meetings. He still attends meetings regularly and often volunteers his time to his local AA group. Mr. Dupre has had no trouble fully complying with the pretrial release condition and abstaining from alcohol.

After considering the types of his prior convictions, the age of the convictions, and his signs of rehabilitation, it is clear that a CHC II substantially over-represents the seriousness. For this reason, Mr. Dupre requests this Court, pursuant to § 4A1.3(b), reduce his CHC to I. Should this Court grant Mr. Dupre a departure to CHC I, his applicable guideline range is 15 to 21 months, with a total offense level 14 and a CHC I. For the reasons detailed below, Mr. Dupre requests a sentence of home confinement.

## II.     A Sentence of House Arrest Sufficient but Not Greater than Necessary.

Mr. Dupre's actions in this case are not indicative of his character. It began with a few poor decisions and quickly spiraled out of control. Mr. Dupre is devastated at what his decisions have cost his family. He is the proud father of two young girls and wants nothing more than to set a good example for them. His family is important to him. In addition to his wife and children, Mr. Dupre has been caring for his mother-in-law who is currently battling cancer.

From the very start of this case, Mr. Dupre has accepted responsibility and has been focused on making the victims whole again. (*See* Exh. A – Acceptance of Responsibility Statement). He has been putting in as many hours as he can into his company which creates children's books. He plans to use the revenue from this venture to pay his restitution. At sentencing, Mr. Dupre is prepared to pay a lump sum of $5,000. He will continue to make monthly payments to satisfy his obligation. He respectfully requests this Court impose a sentence of home confinement. This punishment will promote a respect for law, deter any further criminal conduct, and, most importantly, allow him to continue to work so that he may pay the restitution expeditiously.

## III.    Conclusion

Mr. Dupre respectfully requests the Court impose a sentence of home confinement. For the reasons discussed above and for the reasons which will be articulated orally at sentencing, this sentence is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

Respectfully submitted,


STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar:  0051928

/s/ *DARIN THOMPSON*
Assistant Federal Public Defender
Ohio Bar:  0067093
Cathi Adinaro
Attorney at law
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: darin_thompson@fd.org
e-mail address: cathi_adinaro@fd.org

Counsel for Defendant Andre Dupre

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The document itself will be sent to the government by electronic mail. All other parties will be served by regular U.S. Mail.

Respectfully submitted,

/s/ *DARIN THOMPSON*
Assistant Federal Public Defender
Ohio Bar: 0067093

Counsel for Defendant Andre Dupre