IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR44 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE DUPRE, | ) | <u>UNITED STATES OF AMERICA'S</u> |
| | ) | <u>SENTENCING MEMORANDUM</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Chelsea S. Rice, Assistant United States Attorney, and respectfully submits this memorandum setting forth the United States' position regarding the sentencing for Defendant Andre Dupre. For the reasons set forth below, as well as those to be articulated at the sentencing hearing, the United States respectfully submits that a sentence within the Guidelines range set forth in the parties Presentence Investigation Report ("PSR") is appropriate in this case.

**I.   FACTUAL BACKGROUND**

Over the course of three years, Dupre conducted a scheme to defraud five victims out of more than $200,000. Dupre solicited investments for Prominent Venture Homes ("PVH"), claiming that PVH was a real estate company specializing in purchasing, rehabilitating, and reselling single-family homes. To induce the victims to invest in PVH, Dupre falsely represented that they would receive a 50% return on their investment within six months of the purchase date.

Unbeknownst to the victims, Dupre never actually purchased any real estate with their investment funds. Instead, Dupre took the victims' money and used it to enrich himself and

maintain his own personal lifestyle, which included gambling and buying a new car.  When Victim 1 asked Dupre about Victim 1's investment, Dupre created a fictitious financial document and sent it to Victim 1 to reassure Victim 1 that Victim 1's investment was "safe."

When the victims attempted to collect on their investments, Dupre falsely reported on Facebook that he had died in a car accident.

In total, Dupre stole $238,905 from his victims.

## II.     APPLICABLE LEGAL STANDARDS

A well-established legal framework guides the Court's sentencing determination.  The advisory United States Sentencing Guidelines ("the Guidelines") range serves as "the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006).  The Guidelines thus remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.  The Sentencing "Commission fills an important institutional role:  It has the capacity courts lack to 'base its determination on empirical data and national experience, guided by a professional staff with appropriate expertise.'"  *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (internal citation omitted).  After determining the appropriate Guidelines range, the Court then turns to the familiar factors set forth in 18 U.S.C. § 3553(a).

## III.    SENTENCING GUIDELINES COMPUTATION

The United States concurs with the Guidelines calculation set forth in the PSR.  (R. 15: PSR, PageID 117).  Pursuant to U.S.S.G. § 2B1.1(a)(1), Dupre's base offense level is 7.  An additional 10 levels are added under § 2B1.1(b)(1)(F) because Dupre's conduct caused a loss of more than $150,000, but less than $250,000.  After a 3 level reduction for acceptance of responsibility, Dupre's total offense level is 14.

Dupre has two prior convictions counted in his criminal history, which places him in a Criminal History Category II. At an offense level 14 and a Criminal History Category II, Dupre's advisory Guidelines imprisonment range is 18 to 24 months. *Id*. at PageID 122.

## IV.     APPLICATION OF 18 U.S.C. § 3553(a) FACTORS

### A.     Nature and Circumstances of the Offense

The nature and circumstances of Dupre's offense counsel in favor of a sentence within the Guidelines range of 18 to 24 months. As evidenced by the Victim Impact Statements submitted to the Court, Dupre's fraud has led to devastating consequences for his victims—financially, physically and emotionally. Dupre's victims are struggling to support themselves and their families. Victim 4 is now unable to enjoy a comfortable retirement because of the funds lost to Dupre, and is struggling to pay for health insurance. Victim 5 gave money to Dupre that was meant for her children's' college tuition, and continues to suffer from extreme anxiety and stress because of Dupre's crimes.

Dupre committed extensive fraud, both in the money he stole and the length of time that he continued to lie to his victims about their investments. The duration and manner of Dupre's fraud, as well as the substantial impact on his victims, counsel in favor of a sentence within the Guidelines range.

### B.     Restitution to Victims

Restitution to the victims is directed by the Guidelines and mandated by law. *See* U.S.S.G. § 5E1.1; 18 U.S.C. § 3663A. Thus, the United States requests that the Court order Dupre to pay restitution of $238,905, with the amounts allocated to each victim as follows:

- Victim 1: $120,405

- Victim 3: $32,000

- Victim 4: $32,000

- Victim 5: $54,500

## V. CONCLUSION

Dupre's offense conduct falls squarely within the scope of the circumstances contemplated by the Guidelines and a sentence within the Guidelines range will accomplish the goals of 18 U.S.C. § 3553(a).  For these reasons, and those to be articulated at the sentencing hearing, the United States respectfully requests that the Court sentence Dupre to a term of imprisonment of 18 to 24 months and order him to pay restitution to the victims in the amount of $238,905.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Chelsea S. Rice
        Chelsea S. Rice (OH: 0076905)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3752
        (216) 522-7358 (facsimile)
        Chelsea.Rice@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of July 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                        /s/ Chelsea S. Rice
                        Chelsea S. Rice
                        Assistant U.S. Attorney